UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD D. O'NEAL,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

Case No.  12-13273

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE R. STEVEN WHALEN

## ORDER ADOPTING REPORT AND RECOMMENDATION [16] AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [9] AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [14]

On August 5, 2013, Magistrate Judge Whalen issued a Report and Recommendation ("R&R") [16] recommending that Plaintiff's Motion for Summary Judgment [9] be granted, that Defendant's Motion for Summary Judgment [14] be denied, and that this case be remanded to the Administrative Law Judge for further consideration.  Plaintiff filed an Objection [17].

For the reasons stated below, the Court adopts the R&R in full.  Plaintiff's Motion for Summary Judgment is GRANTED.  Defendant's Motion for Summary Judgment is DENIED.  Plaintiff's Objection is DENIED.

**Factual Background**

The R&R contains a detailed explanation of the factual background of this case, and the Court adopts the factual background as set out in the R&R in full.

**Standard of Review**

This Court reviews objections to an R&R on a dispositive motion *de novo*. *See* 28 U.S.C. §636(b)(1)(c). Making some objections to an R&R, but failing to raise others, will not preserve all objections a party may have to the report and recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006). Objections that are filed must be specific. *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006).

In reviewing an Administrative Law Judge's (ALJ) decisions, 42 U.S.C. § 405(g) provides that the ALJ's "factual findings are conclusive if supported by substantial evidence." *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 243 (6th Cir. 1987). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)) (internal quotation marks omitted); *Richardson v. Perales*,

2

402 U.S. 389, 401 (1971). In order to determine "whether the Secretary's factual findings are supported by substantial evidence, we must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight." *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). So long as the conclusion is supported by substantial evidence, "this Court will defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *see also Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

In assessing the factual findings, the Court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 409 F.3d 506, 509 (6th Cir. 2007) (citing *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001)). "However, [the Court] may examine all evidence in the record in making its decision, regardless of whether such evidence was cited in the Commissioner's final decision." *Ramsey v. Comm'r of Soc. Sec.*, No. 10-1695, 2011 WL 5966812, at *2 (N.D. Ohio 2011); *see also Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989).

**Analysis**

Plaintiff objects only to the Magistrate Judge's recommendation that the case be remanded to the Administrative Law Judge for further proceedings. Plaintiff's argument is simply a recitation of the flaws in the ALJ's decision, which Plaintiff contends leads to the "inevitable result" that the Court determine that Plaintiff is disabled as a matter of law and enter an award on behalf of Plaintiff.

However, as noted by the Magistrate Judge, a major flaw in the ALJ's decision was the failure to augment the medical transcript by either re-contacting the treating sources or ordering a consultative exam. As Plaintiff himself noted, "this case was decided without the benefit of any consultative examination or the opinions of any medical consultants or medical experts . . . ." Pl.'s M. at 6-7. Thus, "[t]he fact that the original record did not include a consultative examination by the SSA or a Residual Functional Capacity Assessment makes the need for additional evaluative records particularly critical." R&R at 11.

The ALJ's decision was undoubtedly flawed, and the ALJ should, on remand, engage in more deliberate decision-making based upon a complete record. Thus, remand for further consideration and supplementation of the record is the most appropriate remedy in this case. Plaintiff's objection is therefore DENIED.

## Conclusion

The Court having reviewed the record in this case, the Report and Recommendation [16] of the Magistrate Judge is hereby **ADOPTED** and is entered as the findings and conclusions of the Court. Defendant's Motion for Summary Judgment [14] is **DENIED**. Plaintiff Motion for Summary Judgment [9] is **GRANTED** and this case is remanded for further consideration and supplementation of the record.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: August 28, 2013          Senior United States District Judge